S. DEWEY GRISSETT v. RUBY STEPHENS WARD AND
CARL STEPHENS

No. 7113DC197

(Filed 31 March 1971)

1. Contracts § 27; Uniform Commercial Code § 22— breach of contract to purchase potato crop — sufficiency of evidence for jury

   Plaintiff's evidence was sufficient for the jury in this action for breach of an alleged oral contract to purchase plaintiff's entire 1968 sweet potato crop at the market price on the date delivery was first made.

2. Uniform Commercial Code § 13; Rules of Civil Procedure § 8— sale of potato crop — breach of contract — failure to plead statute of frauds

   In an action for breach of an alleged oral contract to purchase plaintiff's sweet potato crop, defendants cannot raise on appeal the defense of the statute of frauds under the Uniform Commercial Code, G.S. 25-2-201, where defendants failed to raise such defense in their pleadings or in the trial below.

APPEAL by defendants from *Walton, District Court Judge,* September 1970 Session of BRUNSWICK County, the General Court of Justice, District Court Division.

This was an action to recover the purchase price of sweet potatoes alleged to have been sold by the plaintiff to the defendants pursuant to an agreement entered into during the month of February 1968. The defendants filed an answer (verified 23 March 1970) denying any contract of purchase and sale and setting forth a counterclaim for amounts allegedly owed the defendants by the plaintiff in other transactions.

Plaintiff offered evidence tending to show that in February 1968 Carl Stephens, one of the defendants acting both for himself and his co-defendant, entered into an oral contract with him for the purchase of the entire crop of sweet potatoes to be produced by the plaintiff during the year 1968. Pursuant to this agreement, the plaintiff delivered his entire crop of sweet potatoes to the warehouse of the defendants and had received payment for only about one-half of the crop. The purchase price was to be the market price on the date first delivery was made. At that time the market price for No. 1 potatoes was $3.60 per bushel, and for No. 2 potatoes, $2.00 per bushel.

The evidence on behalf of the defendants tended to show that no contract had been entered into; that the defendants

were in the business of buying and selling sweet potatoes and also maintained a warehause where farmers could store potatoes; that the defendants purchased part of the plaintiff's crop from time to time during the Fall of 1968 as the plaintiff brought them to the warehouse. In November 1968 the market dropped and the weather conditions worsened, and the defendants discontinued buying potatoes. When the plaintiff brought the remainder of his crop to the warehouse, he was informed that the defendants had discontinued buying, but that they would be glad to store his potatoes for him at a warehouse charge if he desired, and he would then be in a position to wait for the market to improve; that the plaintiff had accepted this arrangement and placed the balance of his crop of potatoes on storage in the warehouse of the defendants.

From a jury verdict in favor of the plaintiff and a judgment in the amount of $3,925.60 less $1,314.24, the amount stipulated as the indebtedness of the plaintiff to the defendants growing out of other transactions, the defendants appealed to this Court.

*Frink and Foy by Grover A. Gore for plaintiff appellee.*

*Sankey W. Robinson and E. J. Prevatte for defendant appellants.*

CAMPBELL, Judge.

The defendants present two questions for decision. (1) Was there sufficient evidence to withstand a motion for a directed verdict in favor of the defendants? (2) Did the trial judge commit prejudicial error in the instructions to the jury?

[1]   In determining the sufficiency of the evidence to withstand a motion for a directed verdict, all of the evidence which supports the plaintiff's claim must be taken as true and considered in the light most favorable to him, giving him the benefit of every reasonable inference which, legitimately, may be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in plaintiff's favor. *Musgrave v. Savings & Loan Assoc.,* 8 N.C. App. 385, 174 S.E. 2d 820 (1970). Viewed in this light, we are of the opinion that the evidence was sufficient to go to the jury, and the motions for a directed verdict were properly denied. Plaintiff testified to the existence of an oral agreement between the parties, to the delivery of his crop of sweet potatoes to the defendants, and to the partial payment by the

Grissett v. Ward

defendants. He also testified as to the price which he was to receive for the potatoes, that he had been promised payment for that portion of the crop for which he had not been paid, but that such payment was never made. This evidence was sufficient to allow the jury to find that an agreement existed; that plaintiff had performed his part of the agreement; and that the defendants had failed to comply with their part of the agreement. The reasonableness or unreasonableness of the agreement itself is not before us. All of the parties to the alleged agreement were *sui juris;* such an agreement would not be illegal or against public policy.

> "Ordinarily, when parties are on equal footing, competent to contract, enter into an agreement on a lawful subject, and do so fairly and honorably, the law does not permit inquiry as to whether the contract was good or bad, whether it was wise or foolish. . . ." *Roberson v. Williams,* 240 N.C. 696, 83 S.E. 2d 811 (1954) ; *Heating Co. v. Board of Education,* 268 N.C. 85, 150 S.E. 2d 65 (1966).

A question for the triers of facts was presented and the jury found for the plaintiff. There was no error in the trial court by this procedure.

[2] Defendants also contend, in their brief, that the plaintiff has not complied with G.S. 25-2-201, the statute of frauds provision relating to sales under the Uniform Commercial Code. The defendants, however, did not raise this defense in their pleadings or in the trial below. The defendant's answer was filed subsequent to the effective date of the North Carolina Rules of Civil Procedure. Rule 8(c) sets forth certain affirmative defenses which must be pleaded. The statute of frauds is one of these affirmative defenses. Defendants, not having raised this defense in their pleadings or in the trial below, cannot now present it before this Court. See 1 McIntosh, N. C. Practice 2d, Section 970.65 (Supp. 1970) and *Cohoon v. Swain,* 216 N.C. 317, 5 S.E. 2d 1 (1939).

The second question raised by the defendants pertains to the instructions to the jury given by the trial judge. We have reviewed these instructions in their entirety, and we think that when so considered, the trial judge presented to the jury the legal precepts involved and fairly and adequately instructed the jury.

The trial presented a factual determination by the triers of fact. We find no prejudicial error in the trial of this case.

Affirmed.

Judges BRITT and HEDRICK concur.