CLYDE VIRGINIA DELP v. HOBERT R. DELP

No. 8023DC948

(Filed 7 July 1981)

1. **Appeal and Error §§ 45, 45.1— the brief—statement of questions presented—statement of case—exceptions and assignments of error**

    Appeal is subject to dismissal because of appellant's failure to comply with the Rules of Appellate Procedure where appellant failed to include a statement of questions presented for review and a concise statement of the case in his brief as required by Appellate Rules 28(b)(1) and (2), and where he failed to set out proper exceptions and assignments of error pertinent to his argument in violation of Rule 28(b)(3).

2. **Cancellation and Rescission of Instruments § 11; Husband and Wife § 12.1— breach of separation agreement—alleged duress—failure to submit issue of validity of agreement**

    In an action for breach of the alimony provisions of a separation agreement in which defendant answered and counterclaimed for a rescission of the

separation agreement and deeds executed pursuant thereto on the ground that he signed the documents under duress, the trial court did not err in refusing to submit an issue as to whether a valid agreement supported by consideration existed between the parties prior to the issue of duress since defendant failed to plead the affirmative defense of failure of consideration; defendant admitted the existence of consideration for the separation agreement in his pleadings and at trial; defendant admitted signing the agreement and the deed and admitted his breach of the terms of the separation agreement; and the issues submitted to the jury were sufficient to settle the material controversies arising on the pleadings.

**3. Husband and Wife § 12.1— rescission of separation agreement—inadmissible evidence**

In an action for breach of a separation agreement in which defendant sought rescission of the agreement on the ground of duress, the trial court properly excluded testimony by defendant's witness that plaintiff was "jubilant," "well-pleased," "happy" and "boastful" over the separation agreement and that the witness had commented to plaintiff's daughter that plaintiff was going to take everything the defendant had and "break him."

APPEAL by defendant from *Kilby, Judge.* Judgment entered 9 June 1980 in District Court, ALLEGHANY County. Heard in the Court of Appeals 8 April 1981.

Plaintiff instituted this action seeking damages for breach of contract. In her complaint, plaintiff alleged, in pertinent part, the following:

7. That on or about the 23rd day of January 1979 the parties separated from each other and on said same date entered into a Separation Agreement, a copy of which is hereto attached as Exhibit "A".

8. That pursuant to the terms of said Separation Agreement, the defendant agreed to pay to the plaintiff permanent alimony in the amount of Five Hundred Thirty-Seven ($537) Dollars per month beginning on the 25th day of January 1979 and continuing on or before the 25th day of each month thereafter until the death or remarriage of the wife, whichever event shall occur first.

9. That the defendant has wrongfully and willfully breached said contract in that he has failed and refused to make said regular monthly payments and is presently in arrears in the making of the same in the amount of One Thousand Six Hundred and Eleven ($1,611) Dollars.

Apparently the separation agreement required the parties to deed certain parcels of real estate to each other. Neither the separation agreement nor the deeds have been included in the record on appeal or filed as exhibits with the Court.

Defendant answered, denying the allegations in paragraphs 7 and 9. As to paragraph 8, defendant answered as follows:

VIII. It is admitted that the paper documents drafted by the attorney representing Clyde Virginia Delp said that he is to pay Five Hundred Thirty-seven ($537.00) Dollars per month. However, this allegation will be treated more completely and thoroughly in the Defendant's own counterclaim.

Defendant's counterclaim, seeking rescission of the separation agreement and two deeds on the grounds of duress and coercion, alleged that his adult children had coerced him into signing the separation agreement and deeds by physically abusing him and that he had not knowingly, freely and voluntarily entered into the separation agreement. In his counterclaim defendant admitted signing the separation agreement and deeds. Plaintiff replied to defendant's counterclaim by denying that defendant had been coerced into signing the agreement and by denying that defendant had not knowingly, freely and voluntarily entered into the separation agreement.

At trial, plaintiff's evidence tended to show that on 8 January 1979, one of the parties' sons argued with defendant over family matters and hit him. The separation agreement and property settlement were not discussed on 8 January. Around 16 or 17 January plaintiff and defendant began discussing the property settlement and separation agreement. The parties' agreement was eventually put into writing and was signed, along with the deeds, by the parties on 23 January 1979. The defendant signed the agreement without objection. Defendant paid plaintiff $537 per month, as required by the separation agreement, from January 1979 until November 1979, when defendant ceased making payments.

Defendant's evidence tended to show that three of the parties' adult sons "beat defendant up" on 8 January. Defendant signed the separation agreement because he feared for his life. Defendant also testified that he negotiated the terms of the agreement with his wife to a limited extent. He and his wife went

to an attorney's office and told the attorney what terms the parties had agreed upon. They returned later, when defendant read and signed the agreement and deeds. The separation agreement contained the terms the parties had agreed upon. Defendant recorded his deed and made the monthly payments to his wife as required by the separation agreement through November of 1979.

The trial court submitted the following issues to the jury:

1. Were the separation agreement and deeds executed on January 23, 1979, entered into by the Defendant under coercion and duress?

2. If the separation agreement and deeds executed by the Defendant on January 23, 1979, were entered into under coercion and duress, did the Defendant thereafter ratify the agreement and deeds?

The jury answered the first issue "No" and did not reach the second issue. From a judgment ordering defendant to pay plaintiff $3,222 plus interest and $537 per month in the future as provided in the separation agreement, defendant appeals.

*Vannoy & Reeves by Jimmy D. Reeves, for the plaintiff-appellee.*

*Franklin Smith, for the defendant-appellant.*

MARTIN (Robert M.), Judge.

[1] First, we note that the defendant-appellant violated several provisions of Rule 28(b), N.C. Rules App. Proc., in his appellate brief. He violated Appellate Rule 28(b)(1) and (2), by failing to include a statement of questions presented for review and a concise statement of the case in his brief. He also failed to set out the assignments of error and exceptions pertinent to his first argument in violation of Rule 28(b)(3), thereby abandoning that argument. *Id.* In addition, the appellant failed to set out the assignments of error pertinent to his second argument, in violation of Rule 28(b)(3). Although he set out exception numbers in his second argument, the exceptions to which he referred are unrelated to the argument. Appellant, therefore, has also abandoned the second argument contained in his appellate brief. *Id.*

This appeal is subject to dismissal due to appellant's failure to comply with the Rules of Appellate Procedure. This Court,

however, in its discretion, has decided to suspend the requirements of Rule 28(b) on its own initiative, and to decide this case on its merits pursuant to Rule 2, N.C. Rules App. Proc.

[2] At the close of all the evidence, the defendant tendered the following issue for submission to the jury: "[w]as [sic] the separation agreement and deeds executed on January 23, 1979, voluntarily and freely entered into between the Plaintiff and Defendant?" The trial court refused to submit that issue to the jury and instead submitted the following issue to the jury: "[w]ere the separation agreement and deeds executed on January 23, 1979, entered into by the Defendant under coercion and duress?" The trial court instructed the jury that defendant bore the burden of proof on this issue. Defendant argues that before the jury could reach the issue of duress, it should have first answered the issue of whether a valid contract existed, and plaintiff bore the burden of proving the existence of a valid contract. We disagree.

Defendant argues that the jury should have considered the issue of whether a valid contract existed because conflicting evidence was adduced at trial by both parties with regard to the element of valid consideration for the separation agreement, and plaintiff bore the burden of proving all of the essential elements of a valid contract, including the element of consideration. Defendant's argument fails for two reasons. First, defendant failed to plead failure of consideration in his answer or counterclaim. Failure of consideration is an affirmative defense. N.C. Gen. Stat. § 1A-1, Rule 8(c). Where a defendant does not raise an affirmative defense in his pleadings or in the trial, he cannot present it on appeal. *Grissett v. Ward*, 10 N.C. App. 685, 179 S.E. 2d 867 (1971). Second, defendant admitted the existence of consideration for the separation agreement in his pleadings and at trial. Defendant stated in his counterclaim "[t]hat at the time, [the time the separation agreement was executed by the parties and the defendant conveyed property to the plaintiff] the Plaintiff conveyed to the Defendant a tract of property. . . ." Defendant testified that he recorded his deed and that he also received personal property under the terms of the separation agreement. Inadequate consideration alone is not sufficient grounds to invalidate a contract. To defeat a contract for failure of consideration, the failure must be entire. *Weyerhaeuser Co. v. Light Co.*, 257 N.C. 717, 127 S.E. 2d 539 (1962).

Plaintiff sued defendant for breach of the terms of the separation agreement. Defendant answered and counterclaimed for a rescission of the separation agreement and deeds executed pursuant thereto for the reason that he signed the documents under duress and coercion. Defendant admitted signing the agreement and the deeds and admitted his breach of the terms of the separation agreement. His sole defenses at trial and in his pleadings were duress and coercion. The issues submitted to the jury were sufficient to settle the material controversies arising on the pleadings and at trial and to support the judgment. *See Johnson v. Massengill*, 280 N.C. 376, 186 S.E. 2d 168 (1972). Duress and coercion are affirmative defenses and defendant bore the burden of proving the existance of duress and coercion to the jury's satisfaction. *Price v. Conley*, 21 N.C. App. 326, 204 S.E. 2d 178 (1974). The trial court did not err by refusing to submit the issue proposed by defendant to the jury.

[3] Defendant's second argument concerns the exclusion by the trial court of certain testimony by one of defendant's witnesses. We note that the only testimony excluded by the court was the witness's statement that the plaintiff was "jubilant," "well-pleased," "happy" and "boastful" over the separation agreement and that the *witness* had commented to plaintiff's daughter that plaintiff was going to take everything the defendant had and "break him." We find no error in the exclusion of this clearly inadmissible testimony. Further, even if the testimony was admissible, any error in excluding it was harmless. The essence of the witness's testimony, *i.e.*, that the plaintiff had stated to her that she would receive the house, furniture and $1,000 per month as alimony after consulting her attorney, was presented to the jury.

No error.

Judges WHICHARD and BECTON concur.