WILLIE RAY BURWELL, Plaintiff v. GIANT GENIE CORPORATION, a corporation; JOHN COPPALA, individually, and as an agent of GIANT GENIE CORPORATION; and DAVID MARK TINDALL, individually, and as an agent of GIANT GENIE CORPORATION, Defendants

No. 9326DC630

(Filed 2 August 1994)

1. **Assault and Battery § 2 (NCI4th); Principal and Agent § 8 (NCI4th)— battery by store manager—directed verdict for employer error**

    The trial court erred in directing verdict for defendant grocery store manager as to plaintiff's claim for assault and battery where the evidence tended to show that the manager accused plaintiff of stealing cartons of cigarettes, grabbed plaintiff's arm, and pulled him two aisles down toward the store office. Since defendant manager was acting within the scope of his employment by the corporate defendant, the manager's actions will be imputed to the corporate defendant under the doctrine of respondeat superior.

    **Am Jur 2d, Agency §§ 73-77, 270; Assault and Battery §§ 198 et seq.**

2. **Public Officers and Employees § 36 (NCI4th)— off-duty police officer—pat-down of store customer—no immunity for officer**

    The trial court erred in directing verdict for defendant off-duty police officer on plaintiff's claim for assault and battery where the officer participated in a pat-down search of plaintiff after plaintiff was accused of shoplifting, since defendant failed to plead the defense of qualified immunity, and N.C.G.S. § 14-72.1(c) does not give police officers or merchants the right to conduct pat-down searches of their customers without their consent.

    **Am Jur 2d, Public Officers and Employees § 373.**

    **Construction and effect, in false imprisonment action, of statute providing for detention of suspected shoplifters. 47 ALR3d 998.**

    **Law enforcement officer's authority, under Federal Consitution's Fourth Amendment, to stop and briefly**

**BURWELL v. GIANT GENIE CORP.**

[115 N.C. App. 680 (1994)]

**detain, and to conduct limited protective search of or "frisk," for investigative purposes, person suspected of criminal activity—Supreme Court cases. 104 L. Ed. 2d 1046.**

3. **False Imprisonment § 9 (NCI4th)— pat-down search of store customer—directed verdict for store, store manager, off-duty police officer improper**

The trial court erred in directing verdict for defendants, a grocery store, a store manager, and an off-duty police officer, on plaintiff's false imprisonment claim where a reasonable juror could conclude that conducting a pat-down search of plaintiff against his will in plain view of other customers was an unreasonable detention even if the whole incident lasted only five to ten minutes and was for a reasonable length of time. N.C.G.S. § 14-72.1(c).

**Am Jur 2d, False Imprisonment §§ 13, 91-25.**

**Construction and effect, in false imprisonment action, of statute providing for detention of suspected shoplifters. 47 ALR3d 998.**

Appeal by plaintiff from judgment signed 2 March 1993 by Judge Marilyn R. Bissell in Mecklenburg County District Court. Heard in the Court of Appeals 22 March 1994.

On 22 May 1990, plaintiff filed suit seeking compensatory and punitive damages for false imprisonment, assault and battery and intentional infliction of emotional distress for forcibly detaining plaintiff against his will and for searching plaintiff without his consent. At the close of plaintiff's evidence, each defendant moved for, and the trial court granted, a directed verdict and dismissed all of plaintiff's claims against each defendant.

Plaintiff's evidence tended to show the following: On 9 January 1990, at approximately 6:00 p.m., plaintiff entered defendant Giant Genie's retail food store located at 5122 Park Road in Charlotte to purchase items for dinner. Plaintiff was accompanied by his wife, his infant son, and his sister-in-law. After browsing through the store and picking up the necessary items, plaintiff and his family proceeded to the check-out line to pay for the groceries. Plaintiff paid the cashier the full amount due, picked up the bagged groceries and started to leave.

**BURWELL v. GIANT GENIE CORP.**

[115 N.C. App. 680 (1994)]

Defendant Coppala, the store manager, approached plaintiff and blocked his path out of the cashier's line. Defendant Coppala accused plaintiff of stealing two cartons of Chesterfields brand cigarettes. Plaintiff denied taking any cigarettes and told defendant Coppala that he did not smoke. Defendant Coppala then grabbed plaintiff's arm and pulled plaintiff about two aisles down toward the store office. Plaintiff continued trying to explain that he had not taken any cigarettes from the store.

After defendant Coppala pulled plaintiff toward the store office, defendant Tindall, an off-duty police officer present in the check-out line, approached plaintiff and showed plaintiff his badge. Defendant Tindall told plaintiff, "[Y]ou might as well shut up and be quiet, because you're going to be searched before you leave this store." Defendant Tindall then "told Mr. Coppala—he gave Mr. Coppala a head jester [sic] like this and that's when Mr. Coppala proceeded to search me." Defendant Coppala conducted a "pat down" search of plaintiff. Plaintiff's sister-in-law, Ms. Taiwan Carter, testified that defendant Tindall also participated in the search. No cigarettes were found on plaintiff's person. Defendant Coppala also searched plaintiff's bagged groceries before allowing plaintiff to leave the store. The incident took between five and ten minutes.

Plaintiff appeals from judgment granting a directed verdict.

*Sheely & Young, by Michael A. Sheely, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Gregory C. York, for defendant-appellees Giant Genie Corporation and John Coppala.*

*James H. Carson, Jr. for defendant-appellee Mark Tindall.*

EAGLES, Judge.

Plaintiff contends that the trial court erred in granting defendants' motions for directed verdict on plaintiff's claims of false imprisonment and assault and battery. After careful review of the record and briefs, we agree and remand to the trial court for a new trial. Plaintiff has failed to discuss the dismissal of his claim of intentional infliction of emotional distress in his brief and that assignment of error is deemed abandoned. N.C.R. App. P. 28(a).

I.

A defendant's motion for directed verdict tests the legal sufficiency of the plaintiff's evidence to take the case to the jury.

*Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E.2d 678 (1977). In determining whether plaintiff's evidence is sufficient to take the case to the jury, "plaintiff's evidence must be taken as true and all the evidence must be viewed in the light most favorable to him, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, with conflicts, contradictions and inconsistencies being resolved in plaintiff's favor." *Hornby v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 62 N.C. App. 419, 422, 303 S.E.2d 332, 334 (1983). If there is more than a scintilla of evidence supporting each element of plaintiff's prima facie case, the motion for directed verdict should be denied. *Broyhill v. Coppage*, 79 N.C. App. 221, 339 S.E.2d 32 (1986).

[1] Plaintiff contends that the trial court erred in granting defendants' motions for directed verdict on plaintiff's assault and battery claim. We agree.

North Carolina follows common law principles governing assault and battery. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981). Assault and battery are two separate common law actions that "go together like ham and eggs." *McCraken v. Sloan*, 40 N.C. App. 214, 216, 252 S.E.2d 250, 252 (1979). An action for assault protects an individual's interest in freedom from apprehension of a harmful or offensive contact while an action for battery protects an individual's interest in freedom from intentional and unpermitted contacts with his person. *Id.*

Here, plaintiff testified that while he paid for his groceries at the check-out line and began to leave the store, defendant Coppala confronted him and asked, "Where is the Chesterfields? When you came up that aisle right there you had two cartons of Chesterfields cigarettes in your cart. What did you do with them?" Plaintiff replied, "Sir, I don't even smoke. I don't know what you're talking about." Plaintiff testified that defendant Coppala then "just grabbed my arm and then started pulling me this a way." Viewing plaintiff's testimony in the light most favorable to plaintiff, defendant Coppala's actions in grabbing plaintiff's arm and pulling him two aisles down toward the store office constituted an assault and battery upon plaintiff. Since defendant Coppala was employed by defendant Giant Genie as store manager and was acting within the scope of his employment during the incident, defendant Coppala's actions can be imputed to defendant Giant Genie under the doctrine of respondeat superior. *Long v. Eagle Store Co.*, 214 N.C. 146, 198 S.E. 573 (1938). Accordingly, the trial court

**BURWELL v. GIANT GENIE CORP.**

[115 N.C. App. 680 (1994)]

erred in directing verdict for defendant Coppala and defendant Giant Genie as to the claims for assault and battery.

**[2]** Plaintiff contends that defendant Tindall (hereinafter Officer Tindall) also committed an assault and battery upon plaintiff when he participated in the "pat down" search of plaintiff's person with defendant Coppala. We agree. Plaintiff's sister-in-law, Ms. Taiwan Carter, testified that she saw Officer Tindall participate in the "pat down" search of plaintiff.

Q. Did you ever see Officer Tindall touch [plaintiff]?

A. Yes, I did.

Q. When did he touch him?

A. When he patted him down a little bit later on . . .

. . . .

Q. You're saying Officer Tindall patted him [plaintiff] down?

A. Yes, he did.

Viewing plaintiff's evidence as true, Officer Tindall committed an assault and battery upon plaintiff if he did not have a legal justification for participating in the search. Officer Tindall contends on appeal that as a public officer he is entitled to the defense of qualified immunity. We note, however, that Officer Tindall failed to raise this defense in his pleadings and our review of the record indicates that the trial court never ruled on Officer Tindall's motion at the close of plaintiff's evidence to amend his answer to include qualified immunity as a defense. Qualified immunity is an affirmative defense that must be pleaded by the defendant. *Gomez v. Toledo*, 446 U.S. 635, 64 L.Ed.2d 572, (1980) (Since the qualified immunity available to public officials sued under 42 U.S.C. § 1983 is an affirmative defense, the burden of pleading it rests with the defendant); *see* G.S. 1A-1, Rule 8(c) (defendant must plead "any matter constituting an avoidance or affirmative defense"). Ordinarily, the failure to plead an affirmative defense results in a waiver unless the parties agree to try the issue by express or implied consent. *Nationwide Mut. Ins. Co. v. Edwards*, 67 N.C. App. 1, 312 S.E.2d 656 (1984). Here, plaintiff strenuously objected to Officer Tindall's motion at the close of plaintiff's evidence to amend the pleadings to allow Officer Tindall to present evidence on the issue of qualified immunity. The trial court never ruled on Officer

Tindall's motion and no evidence was admitted on the issue of qualified immunity. "Where a defendant does not raise an affirmative defense in his pleadings or in the trial, he cannot present it on appeal." *Delp v. Delp*, 53 N.C. App. 72, 76, 280 S.E.2d 27, 30 (1981). Accordingly, the issue of qualified immunity is not properly before us.

Officer Tindall also contends that he is protected from liability for the alleged assault and battery by G.S. 14-72.1(c). We disagree. G.S. 14-72.1(c) provides:

> (c) A merchant, or his agent or employee, or a peace officer who detains or causes the arrest of any person shall not be held civilly liable for <u>detention</u>, <u>malicious prosecution</u>, <u>false imprisonment</u>, or <u>false arrest</u> of the person detained or arrested, where such detention is in a reasonable manner for a reasonable length of time, if in detaining or in causing the arrest of such person, the merchant, or his agent or employee, or the peace officer had at the time of the detention or arrest probable cause to believe that the person committed the offense created by this section.

(Emphasis added.) Officer Tindall contends that he had sufficient probable cause to arrest plaintiff under this statute and that he should not be held liable for assault and battery under the statute for conducting a "pat down" search of plaintiff before determining whether to arrest plaintiff. We disagree. G.S. 14-72.1(c) gives police officers, merchants, their employees and their agents the authority to detain or cause the arrest of persons suspected of shoplifting on the merchant's premises and protects them from civil liability for ". . . detention, malicious prosecution, false imprisonment, or false arrest. . . ." G.S. 14-72.1(c). Actions for assault and battery are conspicuously omitted from the statute. We do not read G.S. 14-72.1(c) as giving police officers or merchants the right to conduct "pat down" searches of customers without their consent. Accordingly, we conclude that G.S. 14-72.1(c) does not protect Officer Tindall from civil liability.

In sum, the trial court erred in directing verdict for all defendants on plaintiff's assault and battery claims. Accordingly, we remand to the trial court for a new trial on that issue as to all defendants. We also note that since the trial court did not rule on Officer Tindall's motion to amend his pleadings to assert the qualified immunity defense, defendant may renew his motion without prejudice and the trial court may exercise its full discretion in ruling on the motion to amend.

**BURWELL v. GIANT GENIE CORP.**

[115 N.C. App. 680 (1994)]

## II.

**[3]** Plaintiff also contends that the trial court erred in directing verdict for all defendants on plaintiff's false imprisonment claim. After careful examination of the record before us, we agree.

Defendants contend that they are protected from civil liability under G.S. 14-72.1(c), *supra*, which provides that a merchant, his employee or agent or a police officer shall not be held civilly liable for false imprisonment "where such detention is in a reasonable manner for a reasonable length of time" and the person causing the arrest or detention had probable cause to believe that the person was shoplifting on the premises. G.S. 14-72.1(c). We conclude that plaintiff's evidence is sufficient to create a jury question as to whether plaintiff's detention was conducted in a reasonable manner.

First, plaintiff has alleged an assault and battery by Coppala in grabbing plaintiff's arm and moving him two aisles down toward the store office. Second, plaintiff has alleged another assault and battery by defendants Coppala and Tindall upon him in conducting a "pat down" search of plaintiff against his will. We have already discussed, *supra* at I, that defendants are not protected from civil liability under G.S. 14-72.1(c) from actions for assault and battery. Defendants' actions in committing the alleged assault and battery upon plaintiff during his detention create a jury question as to whether plaintiff's detention was reasonable. A reasonable juror could conclude that conducting a "pat down" search of plaintiff against his will in plain view of other customers is an unreasonable detention even if the whole incident only lasted five to ten minutes and was for a reasonable length of time. Accordingly, we conclude that the trial court erred in directing verdict for all defendants on plaintiff's false imprisonment claim and remand to the trial court for a new trial on that issue.

## III.

For the reasons stated, we reverse the trial court's judgment granting defendants' motions for directed verdict on plaintiff's assault and battery claims and false imprisonment claims and remand to the trial court for a new trial.

New trial.

Judges MARTIN and McCRODDEN concur.