AUBREY REDDING, JR., Plaintiff v. SHELTON'S HARLEY DAVIDSON, INC., and SHELTON DAVIS, Defendants

No. COA99-996

(Filed 29 August 2000)

**1. Assault— civil—shopkeeper's privilege—instruction**

The trial court correctly instructed the jury on the applicability of N.C.G.S. § 14-72.1(c), the "shopkeeper's privilege," in an action for civil assault resulting from plaintiff's attempt to leave a store after being accused of shoplifting and the detention of plaintiff by force until the police arrived. Although plaintiff contended that the privilege created by the statute is not a defense to assault and battery, the alleged assault and battery in this case cannot be separated from the detention and the two torts must be treated as a whole.

**2. Assault— civil—detention of shoplifter—shopkeeper's privilege—burden of proof**

In a civil assault action arising from the detention by force of a suspected shoplifter, the trial court erred by instructing the jury that plaintiff had the burden of proving that defendants failed to act in a reasonable manner. Reasonableness is an element of the affirmative defense provided by N.C.G.S. § 14-72.1(c) and the courts have consistently placed on defendants the burden of proving that an affirmative defense exists to a claim of assault and battery. The portion of *Hawkins v. Hawkins*, 101 N.C. App. 529, relied upon by defendants is dictum.

Appeal by plaintiff from judgment entered 26 April 1999 and orders entered 13 May 1999 by Judge Donald W. Stephens in Johnston County Superior Court. Heard in the Court of Appeals 18 May 2000.

*Mast, Schulz, Mast, Mills & Stem, P.A., by David F. Mills, for plaintiff-appellant.*

*Smith, Helms, Mulliss & Moore, L.L.P., by Matthew W. Sawchak, Clayton D. Somers, and Wendy I. Sexton, for defendants-appellees.*

SMITH, Judge.

Plaintiff Aubrey Redding Jr. appeals from a jury trial resulting in a verdict and entry of judgment thereon in favor of defendants Shelton's Harley Davidson, Inc. (Shelton's Harley) and Shelton Davis (Davis). We order a new trial.

On 16 September 1997, plaintiff entered Shelton's Harley in Goldsboro, North Carolina. A store employee, suspecting plaintiff was stealing a vest, confronted plaintiff and then yelled out to other employees to call the police. Plaintiff tried to leave the store; however, John Martindale (Martindale), a store employee, blocked plaintiff's exit and, along with Davis, the store owner, attempted to detain him until the police arrived. Plaintiff alleges he was injured when "all three men fell onto the asphalt and concrete outside of the store." According to plaintiff, Davis and Martindale held plaintiff on the ground for "approximately 15 minutes while waiting for the police to arrive."

Plaintiff filed suit against defendants 11 February 1998, alleging a claim of assault and battery and seeking both compensatory and punitive damages. Defendants answered 9 April 1998, generally denying plaintiff's allegations and asserting in defense, *inter alia*, that Davis' actions against plaintiff were privileged.

Trial began 17 March 1999. The jury returned a verdict absolving defendants of liability, and the trial court entered judgment in accordance with the verdict. Plaintiff subsequently filed motions for new trial and for judgment notwithstanding the verdict, which motions were denied by the trial court. Plaintiff timely appealed both the judgment and the orders denying his motions.

[1] Plaintiff first argues the trial court should not have "instructed the jury on the principle of the shopkeeper's privilege." Pursuant to N.C.G.S. § 14-72.1(c) (1999),

[a] merchant, or the merchant's agent or employee, . . . who detains or causes the arrest of any person shall not be held civilly

> liable for detention, malicious prosecution, false imprisonment, or false arrest of the person detained or arrested, where such detention . . . is in a reasonable manner for a reasonable length of time, and, if in detaining or in causing the arrest of such person, the merchant, or the merchant's agent or employee, . . . had at the time of the detention or arrest probable cause to believe that the person committed the offense [of concealment of merchandise].

Plaintiff argues that the privilege created by this statute is not a defense to assault and battery, citing *Burwell v. Giant Genie Corp.*, 115 N.C. App. 680, 446 S.E.2d 126 (1994) as controlling authority.

In *Burwell*, this Court examined whether G.S. § 14-72.1(c) protected a police officer from liability for "conducting a 'pat down' search of plaintiff before determining whether to arrest plaintiff." *Id.* at 685, 446 S.E.2d at 129. The plaintiff in that case filed suit against the officer alleging assault and battery. After noting that the statute specifically exempts merchants and police officers from liability for "detention, malicious prosecution, false imprisonment, [and] false arrest," G.S. § 14-72.1(c), we stated that

> [a]ctions for assault and battery are conspicuously omitted from the statute. We do not read G.S. [§] 14-72.1(c) as giving police officers or merchants the right to conduct "pat down" searches of customers without their consent.

*Burwell*, 115 N.C. App. at 685, 446 S.E.2d at 129.

The facts recited in *Burwell* indicate that plaintiff therein, after paying for his groceries and while attempting to leave the store, was accused of stealing cigarettes by the store manager. *Id.* at 681-82, 446 S.E.2d at 127. The manager then "grabbed plaintiff's arm and pulled plaintiff about two aisles down toward the store office." *Id.* at 682, 446 S.E.2d at 127. An off-duty police officer approached plaintiff, showed plaintiff his badge, and, along with the store manager, conducted a "pat down" search of plaintiff. *Id.* at 682, 684, 446 S.E.2d at 127, 128.

In *Burwell*, the plaintiff's assault and battery claim was predicated upon the "pat down" search, which was a separate act from the detention of the plaintiff. As the *Burwell* Court noted, the assault and battery occurred "*during [plaintiff's] detention.*" *Id.* at 686, 446 S.E.2d at 130 (emphasis added). The search was not conducted in order to detain plaintiff, but was instead conducted while plaintiff

**REDDING v. SHELTON'S HARLEY DAVIDSON, INC.**

[139 N.C. App. 816 (2000)]

was detained. As the search was an assault and battery not necessary to plaintiff's detention, defendants were not entitled to the protection of G.S. § 14-72.1(c).

In the instant case, however, the alleged assault and battery cannot be separated from plaintiff's detention. The plaintiff in the case at bar attempted to leave the store once accused of shoplifting, and was detained by force by Davis and Martindale. The force used to detain plaintiff resulted in the three men falling to the ground, at which point plaintiff was injured. Thus, the alleged assault and battery in this case is the detention. *See Kmart Corp. v. Perdue*, 708 So.2d 106, 110 (Ala. 1997) (in state with nearly identical privilege statute, court held that where merchant uses only force minimally necessary to ensure detention of suspected shoplifter, statute protecting merchant against unlawful detention claim must also shield merchant from assault and battery claim). The two torts were not separate acts and must be treated as a whole.

G.S. § 14-72.1(c) protects merchants from civil actions for detention if its terms are complied with. The issues presented by this case are thus (1) whether defendants had probable cause to believe plaintiff had concealed merchandise and (2) whether the detention was "in a reasonable manner for a reasonable length of time." G.S. § 14-72.1(c). If probable cause was lacking or the detention was not reasonable, G.S. § 14-72.1(c) would not apply and defendants would be liable for assault and battery. *Cf. Kmart*, 708 So.2d at 110 (when there is no evidence merchant "used any more force than was necessary to ensure that [plaintiffs] were detained," merchant entitled to directed verdict on assault and battery claim); *State v. Ataei-Kachuei*, 68 N.C. App. 209, 213-14, 314 S.E.2d 751, 754 (indicating that firing three shots at victim, one of which hit and killed victim, could be reasonable manner of detaining victim), *disc. review denied*, 311 N.C. 763, 321 S.E.2d 146 (1984).

In sum, the trial court correctly instructed the jury on the applicability of G.S. § 14-72.1(c). We thus overrule this assignment of error.

[2] Plaintiff next alleges the trial court incorrectly placed the burden of proof on him to show that defendants failed to act in a reasonable manner to detain plaintiff. Plaintiff argues the privilege created under G.S. § 14-72.1(c) should be regarded as an affirmative defense upon which defendants have the burden of proof. We agree.

Plaintiff objects to the following instruction given by the trial court:

> The first question is issue number one, did the defendants fail to act in a reasonable manner to detain the plaintiff at their store on September 16, 1997. The plaintiff has the burden of proof to prove to you that defendants did fail to act in a reasonable manner in detaining him. If he's satisfied you by the greater weight of the evidence that the defendant did fail to so act in a reasonable manner, then you would answer that issue yes . . . .

Defendants argue the instruction was correct as given, in that this Court has stated that "lack of privilege" is one of the elements of battery, *see Hawkins v. Hawkins*, 101 N.C. App. 529, 533, 400 S.E.2d 472, 475 (1991), *aff'd*, 331 N.C. 743, 417 S.E.2d 447 (1992), that plaintiff must prove in order to prevail.

The issue before this Court in *Hawkins* was "whether the lack of an award of at least nominal damages precludes an award of punitive damages" in a case based on claims of assault and battery. *Hawkins*, 101 N.C. App. at 532, 400 S.E.2d at 474. In the course of discussing the punitive damages issue, we noted that

> [t]he elements of battery are intent, harmful or offensive contact, causation, and lack of privilege.

*Id.* at 533, 400 S.E.2d at 475, citing 1 W. Haynes, *North Carolina Tort Law* § 4-2 (1989) (hereinafter Haynes) for that proposition. We first note that *Hawkins* merely listed the "elements" without discussing which party had the burden of proof as to each.

In addition, neither party to that case disputed that plaintiff therein had established his claim for battery; the sole issue before the court was whether punitive damages were allowable. *See Hawkins*, 101 N.C. App. at 533, 400 S.E.2d at 475. Thus, the portion of our opinion setting forth the elements of battery "was unnecessary to the court's holding and therefore dictum." *Donovan v. Fiumara*, 114 N.C. App. 524, 533, 442 S.E.2d 572, 578 (1994). Cases that have since cited *Hawkins'* formulation of the elements of battery as including "lack of privilege" have also done so in dictum. *See Holloway v. Wachovia Bank and Tr. Co.*, 109 N.C. App. 403, 415, 428 S.E.2d 453, 460 (1993) (court's decision based on intent and lack of consent), *rev'd in part, aff'd in part*, 339 N.C. 338, 452 S.E.2d 233 (1994); *Wilson v. Bellamy*, 105 N.C. App. 446, 465, 414 S.E.2d 347, 357-58 (issue was whether

RÉDDING v. SHELTON'S HARLEY DAVIDSON, INC.

[139 N.C. App. 816 (2000)]

plaintiff consented to contact), *disc. review denied*, 331 N.C. 558, 418 S.E.2d 669 (1992).

Further, the treatise relied on by *Hawkins* for the proposition that "lack of privilege" is an element of battery also notes that "privilege" is a defense to battery, *see* Haynes at § 4-3, and that "the *essential* elements of the tort [are] intent, a harmful or offensive touching, and causation," *id.* at § 4-6 (emphasis added). This formulation of the "essential elements" of battery is consistent with prior caselaw, *see Dickens v. Puryear*, 302 N.C. 437, 445, 276 S.E.2d 325, 330 (1981) ("[t]he interest protected by the action for battery is freedom from intentional and unpermitted contact with one's person"); *Ormond v. Crampton*, 16 N.C. App. 88, 94, 191 S.E.2d 405, 410 ("[a] battery is made out when the person of the plaintiff is offensively touched against his will"), *cert. denied*, 282 N.C. 304, 192 S.E.2d 194 (1972), and traditional formulations of the elements of battery, *see* 6 Am. Jur. 2d *Assault & Battery* § 3 (1999) ("[a] battery is a wrongful or offensive physical contact with another through the intentional contact by the tortfeasor and without the consent of the victim").

Finally, Haynes notes that

[a]fter the plaintiff has introduced sufficient evidence to support his cause of action for battery, the burden of proof shifts to the defendant to put forth such defenses as are possible in mitigation or justification. For example, the defendant could set forth the defenses of provocation, privilege, [and] self-defense . . . .

Haynes at § 4-7. Our courts have consistently placed the burden of proof on defendants to prove an affirmative defense exists to a plaintiff's claim of assault and battery. *See Roberson v. Stokes*, 181 N.C. 59, 64, 106 S.E. 151, 154 (1921) (where defendant admits making the assault, burden is on him to prove justification for such conduct); *Young v. Warren*, 95 N.C. App. 585, 588, 383 S.E.2d 381, 383 (1989) (self-defense and defense of family are affirmative defenses to assault upon which defendant has the burden of proof); *see also* W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 16 (5th ed. 1984) (it would be "manifestly unsound and impractical to require a plaintiff to negative at the outset all possible excuses or justifications"; thus, defendant must "plead and prove" such justifications); 6 Am. Jur. 2d *Assault & Battery* § 165 (1999) (defendant has burden of proving justification).

"[O]n an affirmative defense, the burden of proof lies with the defendant." *Price v. Conley*, 21 N.C. App. 326, 328, 204 S.E.2d 178, 180 (1974). The privilege created by G.S. § 14-72.1(c) is an affirmative defense, as it "rais[es] new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." Black's Law Dictionary 430 (7th ed. 1999); *compare Young*, 95 N.C. App. at 588, 383 S.E.2d at 383 (defense which results in avoidance of liability is affirmative defense), *and Carlson v. State*, 524 S.E.2d 283, 286 (Ga. Ct. App. 1999) ("[a]ffirmative defenses are those in which the defendant admits doing the act charged but seeks to justify, excuse, or mitigate his conduct"), *with State v. Miller*, 339 N.C. 663, 676, 455 S.E.2d 137, 144 (evidence regarding defendant's mental state at time of crime, which may rebut State's proof of premeditation and deliberation, is not affirmative defense for which defendant bears burden of proof), *cert. denied, Miller v. North Carolina*, 516 U.S. 893, 133 L. Ed. 2d 169 (1995).

The trial court therefore erred in instructing the jury that plaintiff had the burden of proof to establish that defendants failed to act in a reasonable manner in detaining plaintiff, as reasonableness is an element of the affirmative defense provided by G.S. § 14-72.1(c). We thus vacate the judgment of the trial court and remand this case for a new trial. In light of our disposition herein, we decline to address plaintiff's remaining assignments of error.

New trial.

Judges WALKER and TIMMONS-GOODSON concur.