ALICE JEANNIE HAWLEY CLOUSE v. CHAIRTOWN MOTORS, INC.

No. 7222SC136

(Filed 29 March 1972)

1. **Appeal and Error § 41— documents in record — dates filed**
     Appeal is subject to dismissal for failure to comply with the requirement of Court of Appeals Rule 19 that each document included in the record on appeal plainly show the date on which it was filed and, if verified, the date of verification and the name of the person who verified it.

2. **Rules of Civil Procedure § 7— motions — rule number**
     A motion must state the rule number or numbers under which the movant is proceeding. Rule 6 of the General Rules of Practice for the Superior and District Courts.

3. **Damages § 11; Fraud § 13— fraud in sale of automobile — punitive damages**
     The trial court erred in granting defendant's motion to dismiss plaintiff's claim for punitive damages in an action based on alleged fraud in the sale of an automobile.

APPEAL by plaintiff from *Lupton, Judge,* 4 October 1971 Civil Session of Superior Court held in DAVIDSON County.

Action to recover actual and punitive damages for alleged fraud in the sale of an automobile by defendant to plaintiff. Among other things, plaintiff alleged: (1) that defendant falsely represented the automobile as being a demonstrator used only by factory representatives of Ford Motor Company, when, in fact, it had previously been owned by a car rental agency; (2) that the actual mileage the automobile had been operated was greater than that represented by defendant; and (3) that defendant falsely represented that the automobile had

never been wrecked. Plaintiff alleged that defendant's false representations were made with intent to deceive plaintiff and that plaintiff was deceived and oppressed by the alleged actions and false statements of defendant. Defendant filed answer and counterclaim. On 4 October 1971 Judge Lupton signed an order granting a motion to strike paragraph 12 in the first, second and third causes of action. Each of the paragraphs which were ordered to be stricken contained allegations that plaintiff was entitled to punitive damages in the amount of $10,000.00. From the entry of the order, plaintiff appealed.

*John Randolph Ingram for plaintiff appellant.*

*Lambeth and Rogers by Charles F. Lambeth, Jr., for defendant appellee.*

VAUGHN, Judge.

[1]  Rule 19 of the Rules of Practice in this Court requires, among other things, that "every pleading, motion, affidavit, or other document included in the record on appeal shall plainly show the date on which it was filed and, if verified, the date of the verification and the name of the person who verified it." The rule and the appeal is subject to dismissal.

[2]  Rule 6 of the General Rules of Practice for the Superior and District Courts requires that any motion shall state the rule number or numbers under which the movant is proceeding. Defendant's "Motion to Strike" which the court allowed presumably was that "Motion" appearing in the record at page 14 with no indication as to when it was filed or as to under which rule movant was proceeding. Ordinarily Rule 12(f) requires that a "Motion to Strike" be made before responding to a pleading.

We will treat defendant's motion as a motion to dismiss under Rule 12(b)(6) and, in our discretion, consider the appeal on its merits so as to determine the correctness of the order entered.

The question of recovery of punitive damages in an action for fraud was discussed in considerable detail in *Swinton v. Realty Co.*, 236 N.C. 723, 73 S.E. 2d 785. In that case the Court said:

" . . . [I]t has been uniformly held with us that punitive damages may be awarded in the sound discretion of the jury and within reasonable limits, though the right to such an award does not follow as a conclusion of law because the jury has found an issue of fraud against the defendant. There must be an element of aggravation accompanying the tortious conduct which causes the injury. Smart money may not be included in the assessment of damages as a matter of course simply because of an actionable wrong, but only when there are some features of aggravation, as when the wrong is done willfully or under circumstances of rudeness, oppression, or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights."

The Court then concluded:

" . . . [W]e think the rule is that the facts in each case must determine whether the fraudulent representations alleged were accompanied by such acts and conduct as to subject the wrongdoer to an assessment of additional damages, for the purpose of punishing him for what has been called his 'outrageous conduct.' "

[3]  It is clear then that a claim for punitive damages in an action for fraud is a claim upon which relief may be granted. This being so, it was error to grant defendant's motion to dismiss plaintiff's claim for punitive damages. No insurmountable bar to recovery appears on the face of the complaint. The complaint contains a statement of the claim "sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved" so as to meet the requirements of Rule 8(a). A claim should not be dismissed unless it appears that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. What facts, if any, plaintiff may be able to prove are not known at this stage of the proceeding and the order entered constituted a premature attempt to dispose of the claim. See *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161, where Justice Sharp discusses the history and proper application of Rule 8(a).

The order from which plaintiff appealed is reversed.

Reversed.

Judges BROCK and HEDRICK concur.