THOMAS BRAXTON WARREN v. HALIFAX COUNTY v. DENNIS AUSTIN ROSE, JR. AND WIFE, JANE R. ROSE

No. 876SC1035

(Filed 17 May 1988)

**Rules of Civil Procedure § 8.1— motion to dismiss for failure to state a claim upon which relief can be granted—mislabeled claim—complaint erroneously dismissed**

> The trial court erred in an action for damages for trespass, to quiet title, and for injunctive relief by dismissing the action for failure to state a claim upon which relief could be granted pursuant to N.C.G.S. § 1A-1, Rule 12(b)(6) where plaintiff did not allege an insurmountable bar to a claim for relief for inverse condemnation. The theory of a claim is to be determined from the evidence and not from the pleadings.

APPEAL by plaintiff from *Barefoot, Judge.* Order entered 3 August 1987 in Superior Court, HALIFAX County. Heard in the Court of Appeals 9 May 1988.

This is a civil action wherein plaintiff seeks to quiet title to disputed land and seeks damages for use of the land, punitive damages and injunctive relief. Defendant Halifax County filed a third-party complaint against defendants Dennis Austin Rose, Jr., and Jane R. Rose.

In his complaint, plaintiff attempts to allege four claims for relief. In the first claim, he alleges defendant Halifax County had asserted a claim of ownership and entered into possession of a portion of his land. In his second claim, he alleges defendant Halifax County had committed acts of waste on the property. In his third claim, he alleges defendant Halifax County continued trespassing on his property. In his fourth claim, he alleges defendant Halifax County trespassed in willful and wanton disregard of the rights and privileges of citizens and in particular his property rights. Plaintiff prayed for the following relief:

> (A) The Court quiet the title to the disputed land by entering a judgment that the Plaintiff is the owner in fee simple and entitled to exclusive possession of the disputed land free from any and all adverse claims of ownership or possession in the disputed land by the Defendant pursuant to the Plaintiff's First Claim for Relief.

(B) The Court enter judgment against the Defendant awarding the Plaintiff a sum in excess of Ten Thousand Dollars ($10,000.00) for the permanent damages to the Plaintiff's land pursuant to the Plaintiff's Second Claim for Relief.

(C) The Court enter judgment against the Defendant awarding the Plaintiff a sum in excess of Ten Thousand Dollars ($10,000.00) for the use of the Plaintiff's land by the Defendant pursuant to the Plaintiff's Third Claim for Relief.

(D) The Court enter judgment against the Defendant awarding the Plaintiff a sum in excess of Ten Thousand Dollars ($10,000.00) as punitive damages pursuant to the Plaintiff's Fourth Claim for Relief.

(E) The Court grant the Plaintiff a permanent injunction enjoining the Defendant from trespassing on the Plaintiff's land pursuant to the Plaintiff's Third Claim for Relief.

(F) The Court order the Clerk of Superior Court to tax the costs of this action against the Defendant.

Defendant Halifax County filed an answer denying the material allegations and made a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6). After a hearing, the trial court granted the motion, and the complaint was dismissed on the ground that plaintiff failed to state a claim upon which relief can be granted. Plaintiff appealed.

*J. Michael Weeks, P.A., for plaintiff, appellant.*

*James & Wellman, by W. Turner Stephenson, for defendant, appellee Halifax County.*

*Parker and Parker, by Rom B. Parker, Jr., for defendants, appellees Dennis Austin Rose, Jr., and Jane R. Rose.*

HEDRICK, Chief Judge.

The one question presented on this appeal is whether the trial court erred by dismissing the action for failure to state a claim for which relief could be granted pursuant to Rule 12(b)(6). In ruling on a motion pursuant to Rule 12(b)(6) the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations

state a claim for which relief can be granted. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). Generally, a complaint should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *Id.*

The allegations in the present case that defendant Halifax County has appropriated to its own use a portion of plaintiff's property are sufficient to withstand a motion to dismiss a claim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The theory of a claim is to be determined from the evidence and not from the pleadings. Defendant Halifax County, in the present case, has suggested that plaintiff's claim, if any, is in the nature of a claim for "inverse condemnation." The fact that plaintiff might have mislabeled his claim as one for damages for trespass, one to quiet title, or one for injunctive relief, is of no significance in ruling on the motion to dismiss pursuant to Rule 12(b)(6). Plaintiff has not alleged an insurmountable bar to a claim for relief for inverse condemnation. Thus, the trial court erred in dismissing his "complaint," and the order will be reversed and the cause remanded to the superior court for further proceedings.

Reversed and remanded.

Judges WELLS and COZORT concur.