MARY T. FERGUSON, ADMINISTRATRIX OF THE ESTATE OF CHARLES W. FERGUSON, JR., DECEASED, PLAINTIFF v. MARGARET WILLIAMS AND RING DRUG CO., D/B/A BOBBITT'S PROFESSIONAL PHARMACY, DEFENDANTS

No. 8821SC377

(Filed 20 December 1988)

**Physicians, Surgeons and Allied Professions § 12.2— pharmacist—duty of care— 12(b)(6) motion improperly granted**

The trial court erred by granting defendants' motion for a dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) in a wrongful death action against a pharmacy and pharmacist where plaintiff alleged that the drug Indocin, prescribed for her intestate, is contraindicated for patients with an aspirin allergy such as her intestate; that her intestate told defendant Williams that he was allergic to aspirin, Percodan and penicillin; that her intestate was advised by defendant Williams that it was safe to take the drug; and that her decedent had an anaphylactic reaction and died. According to the allegations in the complaint, defendant pharmacist did more than simply fill the prescription as ordered by the doctor; while a pharmacist has no duty to advise absent knowledge of the circumstances, a pharmacist who is alerted to the specific facts and who undertakes to advise a customer then has a duty to advise correctly.

APPEAL by plaintiff from *Albright, Judge.* Order entered 27 April 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 26 October 1988.

This is a civil action wherein plaintiff, as administratrix of her husband's estate, seeks damages for wrongful death under G.S. 28A-18-2. Plaintiff originally instituted this action against defendants and Dr. John T. Hayes, decedent's physician.

In her complaint, plaintiff first alleged Hayes prescribed the drug Indocin to decedent on 17 December 1984. Decedent then had the prescription filled by the "Defendant pharmacist" at Bobbitt's Pharmacy. On 18 December 1984, decedent took one of the pills which caused him to have an anaphylactic reaction and caused his death. Plaintiff alleged Hayes was negligent in prescribing the drug, and then alleged the pharmacist was also negligent as follows:

> 9) That in his treatment of Plaintiff's intestate, the Defendant pharmacist, who was at all times acting within the course and scope of his employment with Defendant Rabil and with Defendant Bobbitt Pharmacies, was negligent in that he either did not possess or he did not employ the degree of professional learning, skill and ability he represented that he had; he did not exercise reasonable care and diligence in the application of his knowledge and skill; he did not use his best judgment in the treatment or care of Plaintiff's intestate; he failed to apply his training and experience in evaluating the information given to him by the Plaintiff intestate such that he filled the prescription for Indocin for the Plaintiff's intestate when he knew or should have known that such a drug would cause a severe and probably fatal reaction in Plaintiff's intestate; he failed to contact the prescribing physician to verify that the prescription was correct even after the Plaintiff's intestate had advised the Defendant pharmacist of his medical condition; and finally, the Defendant pharmacist failed to properly warn the Plaintiff's intestate of the severe contra-indications for the use of the drug Indocin for one suffering from a medical condition such as Plaintiff's.

Plaintiff then asked for damages in excess of $10,000 from defendants jointly and severally.

Defendants filed an answer denying the material allegations, and then filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief may be granted, and because plaintiff had failed to name the pharmacist and correctly name the pharmacy.

Plaintiff, on 12 March 1987, moved to amend her complaint by correctly identifying defendant Williams and defendant Ring Drug Company. Plaintiff further sought to amend paragraph six of her complaint to add, in part, the following:

> (e) On December 17, 1984, the plaintiff's intestate took the prescription for Indocin to the defendant Bobbitt to be filled. Prior to filling said prescription, it is alleged upon information and belief that the plaintiff's intestate told defendant Williams that he was allergic to aspirin, Percodan and penicillan [sic] and that said defendant wrote on the prescription form the words "allergic to percodan." It is further alleged upon information and belief that plaintiff's intestate sought out and was relying upon the skill, judgment and expertise of defendant Williams with respect to the safety of taking the drug Indocin given the fact that plaintiff's intestate suffered the aforementioned medical condition. Upon information and belief it is alleged that plaintiff's intestate was advised by defendant Williams that it was safe to take the drug Indocin even though the medical literature specifies that the use of the drug Indocin is contraindicated in persons who suffer aspirin allergies or aspirin sensitivities.

Plaintiff also sought to add a second claim for relief based upon implied warranties under G.S. 25-2-314 and G.S. 25-2-315.

Defendants, on 15 April 1987, then amended their answer alleging contributory negligence on the part of decedent. By consent of the parties, both amendments were allowed with no effect on the motion to dismiss.

On 27 April 1987, an order was entered dismissing the action against defendants under Rule 12(b)(6) "for failure to state a claim upon which relief can be granted. . . ." The case remained pending against Hayes.

On 29 February 1988, plaintiff voluntarily dismissed her action against Hayes with prejudice. On 29 February 1988, plaintiff gave notice of appeal as to the dismissals against defendants.

*Michael R. Nash for plaintiff, appellant.*

*Petree Stockton & Robinson, by J. Robert Elster and Stephen R. Berlin, for defendants, appellees.*

HEDRICK, Chief Judge.

Plaintiff argues on appeal that the complaint and amendments state valid claims for relief, and that the motion to dismiss by defendants should not have been granted. We agree. In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the allegations must be viewed as admitted. *Warren v. Halifax County,* 90 N.C. App. 271, 368 S.E. 2d 47 (1988). A complaint should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *Id.*

In this case, the complaint alleges negligence on the part of defendant Williams in her duties as a pharmacist. Our Supreme Court in *Spry v. Kiser,* 179 N.C. 417, 422, 102 S.E. 708, 710 (1920) (*quoting* 9 Ruling Case Law, at p. 704, Sec. 11), stated:

> The legal measure of the duty of druggists towards their patrons, as in all other relations of life, is properly expressed by the phrase "ordinary care," yet it must not be forgotten that it is "ordinary care" with reference to that special and peculiar business, and in determining what degree of prudence, vigilance, and thoughtfulness will fill the requirements of "ordinary care" in compounding medicines and filling prescriptions, it is necessary to consider the poisonous character of many of the drugs with which the apothecary deals, and the grave and fatal consequence which may follow the want of due care. For the people trust not merely their health but their lives to the knowledge, care, and skill of druggists, and in many cases a slight want of care is liable to prove fatal to some one. It is therefore proper and reasonable that the care required shall be proportioned to the danger involved.

Another definition of the standard of care required of a pharmacist, which was stated in *Spry* is "that ordinary care, in reference to the business of a druggist, must be held to signify the highest practicable degree of care consistent with the reasonable conduct of the business." *Id.* at 422, 102 S.E. at 710-11 (*quoting Wilson v. Faxon*, 208 N.Y., 108 (Ann. Cases, 1914, D. 49; 47 L.R.A. (N.S.), 693, and note)).

The duties of a pharmacist were set out further by this Court in *Batiste v. Home Products Corp.*, 32 N.C. App. 1, 231 S.E. 2d 269, *disc. rev. denied*, 292 N.C. 466, 233 S.E. 2d 921 (1977). In that case, we held that a pharmacist has a duty to act with due, ordinary care and diligence in compounding and selling drugs.

The plaintiff in *Batiste* was given a prescription by her doctor for the oral contraceptive drug, Ovral. She took the prescription to the defendant pharmacy where she was sold a certain quantity of Ovral in the same condition and composition as originally manufactured. Plaintiff took the prescribed Ovral and consequently suffered a severe stroke. We found that the trial court properly dismissed plaintiff's claim for relief based on the pharmacist's negligence and stated the following:

> The prescription was filled as directed. There is no allegation that the product was other than it was supposed to be. There is no allegation that the druggist did any compounding or added to or took from the product as prepared and contained in the sealed container, or that the druggist did anything to change the prescription given him, or that the drug delivered to plaintiff was in any way different than the drug prescribed by plaintiff's physician, or contained any foreign material.

*Id.* at 9, 231 S.E. 2d at 274.

In the case *sub judice*, plaintiff alleges that "[t]he drug Indocin is contraindicated in patients who suffer from an aspirin allergy, which is the medical condition suffered by plaintiff's intestate." She alleges that plaintiff's intestate told defendant Williams that he was allergic to aspirin, Percodan and penicillin. Plaintiff also alleges that her intestate "sought out and was relying upon the skill, judgment and expertise of defendant Williams with respect to the safety of taking the drug Indocin given the fact that plaintiff's intestate suffered the aforementioned medical

condition." Plaintiff further alleges that her intestate was advised by defendant Williams that it was safe to take the drug. This presents a different case for review than does *Batiste*. According to the allegations in plaintiff's complaint, the defendant pharmacist did more than simply fill the prescription as ordered by the doctor. Even though there is no allegation that the product itself "was other than it was supposed to be," the complaint sufficiently alleged that plaintiff's intestate asked for and was given advice by defendant Williams, and subsequently plaintiff's intestate relied upon that advice in taking the drug. While a pharmacist has only a duty to act with due, ordinary care and diligence, this duty, like all others, expands and contracts with the circumstances. Here, it is alleged that defendant Williams undertook to dispense not only drugs, but advice also. While a pharmacist has no duty to advise absent knowledge of the circumstances, under *Batiste*, once a pharmacist is alerted to the specific facts and he or she undertakes to advise a customer, the pharmacist then has a duty to advise correctly. We cannot say after examining plaintiff's complaint that it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of her claim. We hold the trial court erred in dismissing plaintiff's complaint pursuant to Rule 12(b)(6) and remand this case to the Clerk of Superior Court of Forsyth County for appropriate action in accordance with this opinion.

Reversed and remanded.

Judges JOHNSON and PARKER concur.