Cardinal Travel Serv., Inc. v. Advance Stores Co., 2022 NCBC 12.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 8406

CARDINAL TRAVEL SERVICE,
INC.,

        Plaintiff and
        Counterclaim
        Defendant,

v.

ADVANCE STORES COMPANY,
INCORPORATED,

        Defendant and
        Counterclaim
        Plaintiff.

**ORDER AND OPINION ON
DEFENDANT'S PARTIAL MOTION TO
DISMISS VERIFIED COMPLAINT**

1.　**THIS MATTER** is before the Court upon Defendant Advance Stores Company, Incorporated's ("Defendant") Partial Motion to Dismiss Verified Complaint (the "Motion") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)").　(ECF No. 13.)

2.　The Motion seeks the dismissal of Plaintiff Cardinal Travel Service, Inc.'s ("Plaintiff") claims for unfair and deceptive trade practices under N.C.G.S. § 75-1.1 ("UDTPA") and for "course of dealing," each arising from a dispute over payment for travel services provided by Plaintiff to Defendant.

3.　Having considered the Motion, the related briefing, and the arguments of counsel at the hearing on the Motion, the Court, in the exercise of its discretion and for the reasons set forth below, **DENIES** Defendant's Motion.

*Jordan Price Wall Gray Jones & Carlton, PLLC, by Matthew J. Waters and Rhian C. Mayhew, for Plaintiff Cardinal Travel Service, Inc.*

*Williams Mullen, by Alexander M. Gormley, Lauren E. Fussell, and Camden R. Webb, for Defendant Advance Stores Company, Inc.*

Bledsoe, Chief Judge.

I.

FACTUAL AND PROCEDURAL BACKGROUND

4. The Court does not make findings of fact on a motion to dismiss under Rule 12(b)(6), reciting instead only those facts in the Verified Complaint relevant to the Court's determination of the Motion.

5. Plaintiff initiated this action on 18 June 2021 asserting claims for unjust enrichment, (Verified Compl. ¶¶ 102–09 [hereinafter "Compl."], ECF No. 3), "course of dealing," (Compl. ¶¶ 110–13), and unfair and deceptive trade practices under the UDTPA, (Compl. ¶¶ 114–26).

6. On 27 August 2021, Defendant filed the Motion, seeking to dismiss Plaintiff's claims under the UDTPA and for "course of dealing."

7. On 27 January 2022, Plaintiff voluntarily dismissed its UDTPA claim without prejudice.[1]

8. The parties agreed in their briefing on the Motion that Plaintiff's "course of dealing" claim was mislabeled and should properly be considered a claim for breach of an implied-in-fact contract.[2] Rather than withdraw the Motion based on this

---

[1] (Pl.'s Notice Voluntary Dismissal Without Prejudice, ECF No. 35.)

[2] (Pl.'s Br. Opp'n Def.'s Partial Mot. Dismiss 5 [hereinafter "Pl.'s Opp'n"], ECF No. 27; Reply to Resp. Opp'n Partial Mot. Dismiss Verified Compl. 2–3 [hereinafter "Def.'s Reply"], ECF No. 31.)

agreement, however, Defendant sought a hearing, contending that the Motion still presented an issue for judicial determination.

9. The Motion has been fully briefed, and, at Defendant's request, the Court held a hearing on the Motion on 23 February 2022 (the "Hearing"), at which all parties were represented by counsel.

10. The Motion is now ripe for resolution.

II.

LEGAL STANDARD

11. "A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint by presenting 'the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some [recognized] legal theory.' " *Forsyth Mem'l Hosp., Inc. v. Armstrong World Indus., Inc.*, 336 N.C. 438, 442 (1994) (alteration in original) (quoting *Lynn v. Overlook Dev.*, 328 N.C. 689, 692 (1991)).

III.

ANALYSIS

12. The Court first notes that Plaintiff's dismissal of its UDTPA claim renders Defendant's Motion moot as to that claim. The Court shall therefore deny Defendant's Motion in this respect.

13. The Court next notes that the parties agree that Plaintiff's "course of dealing" claim is not a properly titled cause of action and instead is a claim for breach

of an implied-in-fact contract.[3] Defendant also acknowledged at the Hearing the legal principle that "[t]he fact that [a] plaintiff might have mislabeled his claim . . . is of no significance in ruling on [a] motion to dismiss pursuant to Rule 12(b)(6)." *Warren v. Halifax Cnty.*, 90 N.C. App. 271, 273 (1988). Indeed, North Carolina law is clear that "[t]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, *whether properly labeled or not*." *Harris v. NCNB Nat'l Bank*, 85 N.C. App. 669, 670 (1987) (emphasis added).

14. Having acknowledged these facts and the applicable law, Defendant elected not to argue at the Hearing that Plaintiff's allegations supporting its "course of dealing" claim failed to state a claim under Rule 12(b)(6) and instead urged the Court to order Plaintiff to file an amended complaint because, according to Defendant, the Complaint fails to put Defendant on notice of the terms of the implied-in-fact contract on which Plaintiff's claim for breach is based. Defendant's argument and request, however, disregard the fact that Defendant brought its Motion seeking dismissal for failure to state a claim under Rule 12(b)(6)—not for a more definite statement under Rule 12(e), the relief Defendant appeared to seek at the Hearing.

15. The resolution of this aspect of the Motion is straightforward. The parties agree that Plaintiff's "course of dealing" claim is actually a claim for breach of an implied-in-fact contract, and the Court is satisfied from its review that the Complaint states a claim to that effect, even if mislabeled. That conclusion marks the end of the

---

[3] (*See* Pl.'s Opp'n 5; Def.'s Reply 2–3.)

Court's inquiry under Rule 12(b)(6), and any further relief Defendant may wish to seek must be by separate motion under appropriate authority. Defendant's Motion with respect to Plaintiff's mislabeled claim for breach of an implied-in-fact contract is without merit and shall therefore be denied.

## IV.

## CONCLUSION

16.  **WHEREFORE**, for the reasons set forth above, the Court hereby:

a.  **DENIES** the Motion as moot as to Plaintiff's UDTPA claim; and

b.  **DENIES** the Motion as to Plaintiff's claim for breach of an implied-in-fact contract (mislabeled in the Complaint as a claim for "course of dealing").

**SO ORDERED**, this the 25th day of February, 2022.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge